| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Robertson, Anschutz & Schneid, PL** <br> 6409 Congress Ave., Suite 100 <br> Boca Raton, FL 33487 <br> Telephone Number 561-241-6901 <br> Attorneys For Secured Creditor <br><br> KEVIN BUTTERY, Esq. (KB - 3800) | CASE NO.: 16-27070-KCF <br><br> CHAPTER 13 <br><br> HEARING DATE: April 25, 2018 at 9:00 am <br><br> JUDGE:  Kathryn C. Ferguson |
| **In Re:** <br><br> **Guido James Maurino** <br><br> Debtor, <br><br> **Cynthia Barbara Maurino** <br><br> Joint Debtor. | |

## CERTIFICATION OF FACTS SUPPORTING MOTION FOR RELIEF FROM AUTOMATIC STAY

Secured Creditor, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-D, MORTGAGE-BACKED CERTIFICATES, SERIES 2005-D, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Guido James Maurino and Cynthia Barbara Maurino filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on September 5, 2016.

2. On August 23, 2005 Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $271,500.00 to FGC Commercial Mortgage Finance DBA Fremont Mortgage. The Mortgage was recorded on

September 21, 2005 in Book 8497 at Page 832 of the Public Records of Monmouth County, New Jersey. The Mortgage was assigned to Secured Creditor. On or around June 27, 2013, the Debtors executed a Loan Modification Agreement. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-D, MORTGAGE-BACKED CERTIFICATES, SERIES 2005-D (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-D, MORTGAGE-BACKED CERTIFICATES, SERIES 2005-D. The noteholder has the right to foreclose because noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

4. The mortgage provides Secured Creditor a lien on the real property located at 164 Colony Lane, Manalapan, NJ 07726, in Monmouth County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since November 1, 2016. A true and accurate copy of Secured Creditor's Certification Regarding Calculation of Amount Due and/or Certification of Creditor Regarding Post Petition History is attached here to as Exhibit "B."

6. The stated value of the property is $349,053.00. See Exhibit "C" which is attached hereto and permissible as property valuation under Fed. R. Evid. 803.

**7.** Based upon the Debtor(s)' Chapter 13 Modified Plan (Docket No. 39), Debtors are curing the arrears through the plan and paying the monthly mortgage payments directly to Secured Creditor.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the

collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. Pursuant to D.N.J. LBR 9013-1(a)(3), no brief or memorandum of law is necessary as the facts stated do not give rise to extraordinary or unusual issues requiring further legal explanation.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

DATED: 3.22.18

                                          **Robertson, Anschutz & Schneid, P.L.**
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone Number 561-241-6901
By: /s/ Kevin Buttery
Kevin Buttery, Esquire
NJ I.D. (KB-3800)
kbuttery@rascrane.com